IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHARLES ATKINS,

    Petitioner,                  No. CIV S-08-2080 JAM KJM P

    vs.

JAMES A. YATES,

    Respondent.              FINDINGS AND RECOMMENDATIONS

_____/

        Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus under 28 U.S.C. § 2254. Respondent has filed a motion to dismiss, arguing that the petition was filed outside the statute of limitations. Petitioner has filed an opposition, and respondent a reply.

I. <u>Background</u>

        On December 21, 1992, petitioner was convicted of kidnapping for purposes of rape, kidnapping, sodomy in concert, two counts of robbery, three counts of sexual penetration with a foreign object in concert, and three counts of rape in concert. Am. Abstract of J., Resp't's Lodged Doc. (Lodg. Doc.) 8.[1] On March 3, 1993, petitioner was sentenced to seventy-eight years

---

[1] The Amended Abstract of Judgment shows that petitioner was convicted of two counts of sexual penetration with a foreign object and four counts of rape in concert, but respondent and

1

1  and eight months in prison.  Id.  He was sentenced to the middle term for the robbery counts and
2  the upper term for the other charges.  Id.  Petitioner states that he was sentenced to the upper
3  terms "due to aggravating factors found by the judge, and not the jury."  Pet. at 1 (Docket No. 1).
4  Respondent does not dispute that the trial judge weighed mitigating and aggravating factors that
5  had not been presented to the jury

Petitioner pursued a direct appeal in state court, which culminated in the California Supreme Court's denial of review on October 26, 1994.  See Lodg. Docs. 2-4.  More than twelve years later, petitioner began state habeas proceedings when he filed a petition on March 22, 2007, in Sacramento County Superior Court.  See Lodg. Doc. 5.  Petitioner's state remedies were exhausted when the California Supreme Court denied his petition for a writ on March 26, 2008.  See Lodg. Doc. 12.

In Apprendi v. New Jersey, 530 U.S. 466 (2000), the Supreme Court held that it was improper for judges to increase prison sentences based on facts not submitted to the jury. The Supreme Court applied this rule in California v. Cunningham, 549 U.S. 270 (2007), and invalidated the California determinate sentencing law under which petitioner was sentenced.  See Cal. Penal Code § 1170(b) (1992).[2]  This change in sentencing law forms the basis for petitioner's claim.  He filed the instant petition on September 4, 2008.

II.  The Statute Of Limitations

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).  AEDPA imposes various requirements on all petitions for writs of habeas corpus filed after its enactment.  See Lindh v. Murphy, 521 U.S. 320, 326 (1997).  As noted, the instant petition was filed September 4, 2008, and thus is subject to AEDPA.

---

the California Court of Appeal, Third Appellate District, refer to convictions on three counts of each crime.  Compare Am. Abstract of J., Lodg. Doc. 8 with Mot. to Dismiss (Docket No. 8) at 2 and Op. of Cal. Ct. App., Third App. Dist., Lodg. Doc. 2 at 1.

[2] Section 1170 has since been amended, more than once.

AEDPA imposes a one-year statute of limitations for filing a habeas petition:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244.

In most cases, § 2244(d)(1)(A) applies, and the limitation period begins running on the date that the petitioner's direct appeals in state court became final. For state convictions that became final before AEDPA, the statute of limitations began to run on April 25, 1996, the day after AEDPA's enactment. See Malcom v. Payne, 281 F.3d 951, 955 (9th Cir. 2002). Petitioner was convicted in December 1992, more than three years before AEDPA took effect. Therefore, he had one year from the enactment of AEDPA, or until April 24, 1997, to file a federal petition unless subsections (B) through (D) of § 2244(d)(1) apply.

Petitioner argues that Cunningham should apply retroactively and alter his sentence. Petitioner's implied contention is that his petition is timely because Cunningham

satisfies 28 U.S.C. § 2244(d)(1)(C). Pet. at 5, 9, 14-15.[3] Under § 2244(d)(1)(C), the statute of limitations begins running from the date upon which the Supreme Court recognizes a new constitutional right, which has been made retroactively applicable to cases on collateral review. Both prongs of § 2244(d)(1)(C) must be met for a petitioner to benefit from a later triggering date. The decision must (1) announce a new rule of constitutional law and (2) the decision must be retroactive. Here, only the second prong is met. In Butler v. Curry, 528 F.3d 624, 634-35 (9th Cir. 2008), cert. denied, __ U.S. __, 129 S. Ct. 767 (2008), the Ninth Circuit held that Cunningham did not announce a new rule. The court concluded that the prior decisions of Apprendi v. New Jersey, 530 U.S. 466 (2000), Blakely v. Washington, 542 U.S. 296 (2004) and United States v. Booker, 543 U.S. 220 (2005), compelled the decision in Cunningham. See Butler, 528 F.3d at 639. However, Butler also stated that Cunningham may be applied retroactively. See id. (applying Teague v. Lane, 489 U.S. 288, 306 (1989)). Thus, Cunningham satisfies only the second prong of § 2244(d)(1)(C), and not the first.

Although Apprendi, Blakely and Booker could be relied upon as announcements of the rule applied in Cunningham, they do not satisfy the second prong of § 2244(d)(1)(C). Each decision has been held non-retroactive by the Ninth Circuit. See Cooper-Smith v. Palmateer, 397 F.3d 1236, 1246 (9th Cir. 2005) (Apprendi not retroactive); Schardt v. Payne, 414 F.3d 1025, 1036 (9th Cir. 2005) (Blakely not retroactive); United States v. Cruz, 423 F. 3d 1119, 1121 (9th Cir. 2005) (Booker not retroactive). Thus, the cases that announced the rule applied in Cunningham do not provide petitioner with a later start date either. Therefore, § 2244(d)(1)(A) applies and petitioner had until April 24, 1997, to file a federal petition, absent any tolling.

The statute of limitations is tolled during the pendency of any "properly filed" state collateral attack on the judgment. Nino v. Galaza, 183 F.3d 1003, 1006-07 (9th Cir. 1999). However, a state petition filed after the limitations period has run will neither revive nor toll the

---

[3] Page references are to those assigned by the court's CM/ECF system.

1  statute of limitations.  See Jiminez v. Rice, 276 F.3d 478, 481 (9th Cir. 2001).  Moreover, a
2  federal habeas action does not toll the statute of limitations.  See Duncan v. Walker, 533 U.S.
3  167 (2001).
4          Here, petitioner filed his first state habeas petition on March 22, 2007.  This was
5  approximately ten years after AEDPA's statute of limitations period had already run. Thus,
6  petitioner is not entitled to any statutory tolling, and the petition is time-barred.
7          Accordingly, IT IS HEREBY RECOMMENDED that respondent's motion to
8  dismiss (docket no. 8) be granted and this case closed.
9          These findings and recommendations are submitted to the United States District
10 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-
11 one days after being served with these findings and recommendations, any party may file written
12 objections with the court and serve a copy on all parties.  Such a document should be captioned
13 "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections
14 shall be served and filed within seven days after service of the objections.  The parties are advised
15 that failure to file objections within the specified time may waive the right to appeal the District
16 Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).
17 DATED: February 25, 2010.

_____
U.S. MAGISTRATE JUDGE

4(km)
atki2080.157

5